UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**JAMES MICHAEL GALLEGOS**,

    Plaintiff,

v.                                                                           **CIVIL NO. 07-515 JH/DJS**

**GEO GROUP, INC.,** *et al.*,

    Defendants.

## ORDER

**THIS MATTER** comes before this Court *sua sponte*. Plaintiff appears *pro se* and is proceeding *in forma pauperis* in this action brought pursuant to 42 U.S.C. §1983. In his Amended Complaint filed January 30, 2009, Plaintiff alleges that his Eighth Amendment and Due Process rights were violated. On January 10, 2006, Plaintiff was assaulted at the Guadalupe County Correctional Facility by another inmate. Plaintiff asserts that Defendants responded by "gassing" his housing pod after the incident and that, having exited his pod as directed by guards, various Defendants tackled him. Plaintiff asserts that Defendant J. Garcia dislocated his shoulder and that he was denied medical care for that injury and other injuries for two days following the incident. In addition, Plaintiff asserts that he was denied due process in the following investigation of the incident and the assignment of a misconduct report to him. Beside his constitutional claims, Plaintiff asserts pendant tort claims for Intentional Infliction of Emotional Distress, Assault and Battery, and Negligence.

The standard courts use to determine whether a prisoner's Eighth Amendment rights have been violated is "deliberate indifference". See Wilson v. Seiter, 501 U.S. 294, 297 (1994). This standard applies in non-emergency situations involving prisoners or when the state's responsibility to the prisoner does not clash with other equally important governmental responsibilities. See Whitley v. Albers, 475 U.S. 312, 320 (1986). The inquiry in claims of use of excessive force turns on "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992). The Tenth Circuit Court of Appeals has articulated the two "prongs" that a plaintiff must show to prevail on such a claim: (1) that "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation," and (2) "that the officials acted with a sufficiently culpable state of mind." Smith v. Cochran, 339 F.3d 1205, 1212 (10th Cir.2003) (internal quotation marks omitted). In assessing the latter prong, courts must balance the need to maintain or restore discipline through force against the risk of injury to inmates. Giron v. Corrections Corp. of America, 191 F.3d 1281, 1289 (10th Cir. 1999).

With respect to medical care, deliberate indifference to serious medical needs of prisoners constitutes cruel and unusual punishment, and, regardless of how evidenced, states a cause of action under §1983. Estelle v. Gamble, 429 U.S. 97, 104 (1976). Indeed, on of the core concerns of the Eighth Amendment is inmate access to necessary medical care. See Ramos v. Lamm, 639 F.2d 559, 566 (10th Cir. 1980), cert. den., 450 U.S. 1041 (1981). However, in a §1983 action for damages, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth Amendment proscription against cruel and unusual punishment." Id. at 574-575. A deliberate indifference to serious medical needs may be "manifested...[by] denying or delaying access to medical care...." Estelle, 429 U.S. at 104. Delay in medical care, by itself, does not support a constitutional claim.

Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir.1993). Nonetheless, delay in medical care constitutes an Eighth Amendment violation where the plaintiff can show that the delay resulted in substantial harm. Sealock v. Colorado, 218 F.3d 1205, 1210-11 (10th Cir. 2000).

In terms of Due Process and the disciplinary report against Plaintiff and his confinement in administrative segregation, in assessing such a claim courts we must look to the conditions of confinement, asking whether they impose an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 414 U.S. 472, 484 (1995). Placing an inmate into administrative segregation does not "involve deprivation of a liberty interest independently protected by the Due Process Clause." Trujillo v. Williams, 465 F.3d 1210, 1225 (10th Cir. 2006). However, it might describe a situation which is atypical and significant. See Gained b. Stenseg, 292 F.3d 1222, 1226 (10th Cir. 2002)("In particular the district court must determine whether the seventy-five day duration of [plaintiff's] confinement in disciplinary segregation in 'atypical and significant.'").

In a case brought by a prisoner proceeding *pro se*, the court may order the defendants to submit a special report (Martinez report) to investigate the incident or incidents which form the basis for Plaintiff's lawsuit. Martinez v. Aaron, 570 F.2d 317, 320 (10th Cir. 1978). The Tenth Circuit has authorized the district court to require a Martinez report to develop a factual or legal basis for determining whether a prisoner plaintiff has a meritorious claim. See, e.g. Gee v. Estes, 829 F.2d 1005, 1007 (10th Cir. 1987). Such a Martinez report may be used in a variety of procedural situations, including in the context of a motion for summary judgment. If a Martinez report is for summary judgment purposes, however, the *pro se* plaintiff must be provided an opportunity to present conflicting evidence to controvert the facts set out in the report. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

To aid the Court in evaluating Plaintiff's claims, Defendants shall prepare a Martinez report which shall address the following matters:

1)  The dates of Plaintiff's incarceration at the Guadalupe County Correctional Facility.

2)  The policies of that facility with regard to prisoner safety and the control of prisoner violence. If the facility has a written policy, Defendants shall provide a copy.

3)  Any reports of the January 10, 2006 incident involving Plaintiff.

4) The policies of that facility with regard to medical care and treatment of prisoners. If the facility has a written policy, Defendants shall provide a copy

5) Any medical reports or sick slips submitted by Plaintiff during his stay at the Guadalupe County Correctional Facility in 2006 and, particularly, any medical reports stemming from the January 10, 2006 incident.

6) The policy of the Guadalupe County Correctional Facility with regard to placing prisoners in administrative segregation or disciplinary segregation.

7) Any disciplinary or investigative reports and the result of any disciplinary hearings connected to the January 10, 2006 incident involving Plaintiff.

8) The policies of the facility with regard to prisoner grievances. If the facility has a written policy, Defendants shall provide a copy.

9) In addition, Defendants shall provide a narrative of all steps required by a prisoner to exhaust administrative remedies at that facility and an indication of whether and by what means a description of the necessary process is provided to prisoners of the facility.

Defendant's Martinez Report shall address each point in numbered paragraphs. Documents in support of the Report may be submitted simultaneously with the Report, but the submission of documents alone, or documents submitted with an index but without an accompanying written

Report, shall not be considered to be in compliance with this Order. Defendant shall submit affidavits in support of the Report if necessary.

The Report shall be filed within thirty (30) days of the date of entry of this order. Defendant shall serve a copy of the Report on Plaintiff, who shall have fifteen (15) days from the date of service to respond. The parties are hereby given notice that the Report may be used in deciding whether to grant summary judgment on Plaintiff's claims. See Hall. The parties may submit memorandum briefs simultaneously with the Report and Plaintiff's Response to the Report.

**IT IS THEREFORE ORDERED** that Defendants shall prepare and file a Martinez Report within thirty (30) days of the date of entry of this order, in accordance with this order. Defendants shall also serve Plaintiff with a copy of the Report.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**