## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**JAMES MICHAEL GALLEGOS**,

      **Plaintiff,**

vs.                                 **No. 07cv0515 JH/DJS**

**GEO GROUP, INC.,** *et al.*,

      **Defendants.**

### MAGISTRATE JUDGE'S PROPOSED FINDINGS
### AND RECOMMENDED DISPOSITION[1]

    1. Plaintiff brings this *pro se*, *in forma pauperis* civil rights action pursuant to 42 U.S.C. §1983 and 28 U.S.C. §1915. In his January 30, 2009 Amended Complaint, Plaintiff alleges Defendants violated his Eighth Amendment and Due Process rights. On January 10, 2006, an inmate assaulted Plaintiff at the Guadalupe County Correctional Facility. Plaintiff asserts Defendants responded by "gassing" his housing pod after the incident and that, having exited his pod as directed by guards, various Defendants tackled him. Plaintiff also asserts Defendant J. Garcia dislocated his shoulder, and he was denied medical care for that injury and other injuries for two days following the incident. In addition, Plaintiff asserts he was denied due process in the investigation of the incident and in the assignment of a misconduct report to him. Beside his constitutional claims, Plaintiff asserts pendant tort claims for Intentional Infliction of Emotional Distress, Assault and Battery, and Negligence.

---

[1] Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

2.  On June 20, 2009, the Court entered an Order directing Defendants to enter a Martinez Report.[2] The Court directed Defendants to provide jail reports of the January 10, 2006 incident, records of Plaintiff's medical treatment, information regarding jail policies, Plaintiff's dates of incarceration at the facility, and all grievances Plaintiff filed.  Defendants filed their Martinez Report on August 6, 2009 (Docket No. 29) and requested the Court construe it as a motion for summary judgment.  Plaintiff filed his response to the Martinez Report on August 26, 2009.  The Order requiring the submission of a Martinez Report warned Plaintiff the document might be used as the basis for summary judgment (Docket No. 28).

3.  The Court will construe Defendants' Martinez Report as a motion for summary judgment.  Summary judgment is appropriate when there exists no genuine issue as to any material fact and where the moving party is entitled to judgment as a matter of law. FED.R.CIV.P. 56(c); *Adickes v. S. H. Kress & Co.*, 398 U. S. 144, 157 (1970).  If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish the existence of a material, factual dispute.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U. S. 574, 585-87 (1986).  To establish the existence of a factual dispute, the opposing party may not rely upon the allegations or denials of his pleadings, rather, he is required to offer evidence in the form of affidavits or other admissible evidence demonstrating that a genuine issue of material fact remains for the fact finder to resolve.  FED.R.CIV.P. 56(e); *Matsushita Elec.*, 475 U. S. at 596-87.  In other words, a party opposing summary judgment "must bring forward specific facts showing a genuine issue for trial as to those dispositive matters for which [he or she] carries the burden of proof." *Jenkins v. Wood*, 81 F.3d 988, 990 (10th Cir.1996).

---

[2]  *See Martinez v. Aaron*, 570 F.2d 317, 320 (10th Cir. 1978).

Mere allegations, without more, are insufficient to avoid summary judgment. *Lawmaster v. Ward*, 125 F.3d 1341, 1349 (10th Cir.1997).  However, the Court will not weigh the evidence and determine the truth but rather determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  The evidence of the non-movant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.  However, if the evidence of the non-moving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id.* at 249-50.

    4.  In reviewing the pleadings filed in this case, the Court notes that a *pro se* litigant's pleadings are to be construed liberally and held to a less stringent standard that formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  The *Haines* rule means that if a court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, or his unfamiliarity with pleading requirements. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

    5. In the amended complaint (Docket No. 16), Plaintiff contends an inmate at the Guadalupe County Correctional Facility assaulted him on January 10, 2006.  Plaintiff claims Defendants responded by "gassing" his housing pod after the incident and, having exited his pod as directed by guards, various Defendants tackled him.  Plaintiff asserts Defendant J. Garcia dislocated his shoulder, and he was denied medical care for that injury and other injuries for two days following the incident.  In addition, Plaintiff asserts he was denied due process in the investigation of the incident and in the assignment of a misconduct report to him.  Beside his constitutional claims, Plaintiff asserts pendant tort claims for Intentional Infliction of Emotional Distress, Assault and Battery, and Negligence.

**Excessive Force**

6. With respect to the actions of the Defendant corrections officers in handling the altercation between Plaintiff and the other inmate, the courts apply the "deliberate indifference" standard to determine whether a prisoner's Eighth Amendment rights have been violated. *See Wilson v. Seiter*, 501 U.S. 294, 297 (1994). This standard applies in non-emergency situations involving prisoners or when the state's responsibility to the prisoner does not clash with other equally important governmental responsibilities. *See Whitley v. Albers*, 475 U.S. 312, 320 (1986).

The Court's inquiry into claims of use of excessive force turns on "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The Tenth Circuit Court of Appeals has articulated the two "prongs" that a plaintiff must show to prevail on such a claim: (1) whether "the alleged wrongdoing was objectively harmful enough to establish a constitutional violation," and (2) whether "the officials acted with a sufficiently culpable state of mind." *Smith v. Cochran*, 339 F.3d 1205, 1212 (10th Cir. 2003) (internal quotation marks omitted). In assessing the latter prong, the Court must balance the need to maintain or restore discipline through force against the risk of injury to inmates. *Giron v. Corrections Corp. of America*, 191 F.3d 1281, 1289 (10th Cir. 1999).

7. Defendants assert Plaintiff was incarcerated at the Guadalupe County Correctional Facility from August 22, 2005 through April 11, 2006. Defendants' Martinez Report (Docket No. 29), p. 3. Defendants dispute the allegations set forth in Plaintiff's complaint regarding the January 10, 2006 incident. Defendants contend Plaintiff and the other inmate involved in the altercation refused commands to stop their fighting and other inmates gathered around them,

4

creating a riot situation in the January 10, 2006 incident.  *Id.* at p. 4.  Plaintiff and Defendants agree a fight was going on when tear gas was applied, and there is no dispute Plaintiff was a participant in the fight.  Hence, the undisputed facts indicate Defendants were faced with an emergency situation, regardless of the difference in accounts as to whether other inmates were crowding around the altercation.

8.  Under the circumstances described by Plaintiff, he has failed to state a claim for excessive force from the use of pepper spray.  *See Gargan v. Gabriel*, 50 Fed.Appx. 920 (10th Cir., November 5, 2002) (unpublished disposition) (Allegations that defendants sprayed inmate with four cans of pepper spray to aid in cell extraction failed to state claim for relief).  Given that the officer who allegedly wrenched Plaintiff's arm was responding to the altercation, Plaintiff cannot show the injury was inflicted for the very purpose of causing harm.

**Denial of Medical Care**

9.  Plaintiff complains the medical staff evaluated him for his complaints of shoulder pain on January 10, 2006, and was given an arm sling.  On January 12, 2006, Plaintiff underwent x-rays of his right elbow and shoulder and was prescribed ice, medication and an arm sling. Martinez Report (Docket No. 29) Exhibit 33.  The x-ray of his shoulder appeared normal.  *Id.* On January 13, 2006, Plaintiff returned to health services for a follow up of his shoulder injury and was continued on medication.  Id.  Plaintiff returned to health services for a follow up visit on January 19, 2006, and was given a follow-up appointment for February 1, 2006.  Plaintiff did not show up for this appointment.  *Id.*  Plaintiff missed a subsequent appointment because the facility was in lock-down.  Plaintiff submitted requests for health services on February 14, 2006 and February 16, 2006.  Martinez Report (Docket No. 29) Exhibit 33, 34.  However, he failed to attend a February 21, 2006 medical appointment and notified jail staff he was under lock-down

5

at that time.  Martinez Report (Docket No. 29) Exhibit 34.  On March 21, 2006, Plaintiff

returned to health services, complaining of shoulder pain, heartburn, and hay fever.  His shoulder

pain was diagnosed as muscle tension.  *Id.*

   10.  One of the core concerns of the Eighth Amendment is inmate access to necessary

medical care.  *See Ramos v. Lamm*, 639 F.2d 559, 566 (10th Cir. 1980).  In a §1983 action for

damages, "only 'deliberate indifference to serious medical needs' of prisoners violates the Eighth

Amendment proscription against cruel and unusual punishment."  *Id.* at 574-575.  A deliberate

indifference to serious medical needs may be "manifested . . . [by] denying or delaying access to

medical care . . . ."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  Plaintiff asserts his injuries

were not treated for two days.  Am. Compl. (Docket No. 16) ¶80.  The medical records attached

to the Martinez Report indicate examinations of Plaintiff's shoulder on January 10, 2006 and an

examination and x-rays on January 12, 2006.  Nonetheless, delay in medical care, by itself, does

not support a constitutional claim.  *Olson v. Stotts*, 9 F.3d 1475, 1477 (10th Cir. 1993).  Rather,

such delay constitutes an Eighth Amendment violation where the plaintiff can show the delay

resulted in substantial harm.  *Sealock v. Colorado*, 218 F.3d 1205, 1210-11 (10th Cir. 2000).

Although Plaintiff has consistently complained of pain in his shoulder, permanent injury or

exacerbation of such an injury is not reflected in the medical records, and he received treatment

in the form of ice packs and pain medication.

   11.  There are two parts to the *Estelle* standard.  First, the prisoner must produce

objective evidence that the medical need in question was in fact "serious."  Second, the prisoner

must produce subjective evidence of the prison official's culpable state of mind– that he was

deliberately indifferent to the prisoner's medical needs.  *Id.* at 106.  "Deliberate indifference" in

the Eighth Amendment context requires that the prison official "know[s] of and disregard[s] an

6

excessive risk to inmate health or safety;  the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  "'[D]eliberate indifference' is a stringent standard of fault." *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 410 (1997).  "A showing of simple or even heightened negligence will not suffice." *Id.* at 407. In this case, Plaintiff was seen promptly and repeatedly for his shoulder injury.  He has not shown disregard for his health nor a delay in his treatment leading to substantial harm. Accordingly, his §1983 claim for denial of medical care must be denied.  *See Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir.1980) ("[A] mere difference of opinion between the prison's medical staff and the inmate as to the diagnosis or treatment which the inmate receives does not support a claim of cruel and unusual punishment.").

**Administrative Exhaustion**

12. An inmate must exhaust administrative remedies in order to bring a claim for relief pursuant to §1983.  42 U.S.C. §1997(e)(a).  Failure to exhaust is an affirmative defense upon which the Defendants bear the burden of proof.  *Jones v. Bock*, 549 U.S. 199, 215-16 (2007). Defendants have met that initial burden with respect to Plaintiff's claims of inadequate medical care and excessive force.  Martinez Report (Docket No. 29), Exhibit 89.  Plaintiff filed an informal complaint pursuant to the Facility policy on March 10, 2006, regarding his sanctions for his misconduct report.  Plaintiff filed another informal complaint on February 23, 2006, regarding his claims of excessive force.  However, he did not file a grievance regarding the unresolved issues from the latter complaint, which process is noted on the complaint form and in the prison handbook.  *Id.*

13.  In order to exhaust remedies, inmates must properly complete the grievance process and correct deficiencies. *See Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).  Proper exhaustion requires compliance with all the steps of a prison's grievance procedure. *See Woodford v. Ngo*, 548 U.S. 81, 90 (2006).  Plaintiff alleges he was thwarted in his attempts to complete the grievance procedure.  Plaintiff's Response to Martinez Report (Docket No. 33), p. 6.  He attaches a disciplinary appeal regarding his placement in segregation submitted February 9, 2006, and stamped received and signed by the disciplinary officer on February 10, 2006. *Id.*, Exhibit 2.  He also attaches two unsigned grievances. *Id.*

14.  The argument that prison officials have interfered with grievances in various ways "is akin to an argument that prison officials should be equitably estopped from relying upon the exhaustion defense." *Jernigan*, 304 F.3d at 1033.  If prison officials prevent a prisoner from proceeding with exhaustion of administrative remedies, they render that remedy unavailable such that a court will deem the procedure exhausted. *See Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir.2002) (*en banc*)(cited in *Baughman v. Harless*, 142 Fed. Appx. 354, 359 (10th Cir. 2005)(unpublished disposition)).  Nonetheless, to demonstrate exhaustion, Plaintiff  must concisely state how he has fulfilled the exhaustion requirement by attaching a copy of the administrative proceedings or describing with specificity the administrative proceeding and its outcome. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1209-10 (10th Cir.2003)(abrogated on other grounds by *Jones*, 549 U.S. at 215-16).

In this instance, Plaintiff has demonstrated exhaustion of his administrative remedies with respect to his claim regarding Due Process in his disciplinary action.  With respect to his claim of excessive force, he only partially availed himself of available remedies, and he completely failed to seek administrative remedies with respect to his claim of denial of medical

care.  Plaintiff has only exhausted his administrative remedies as to his denial of Due Process

claim.  Thus, his other federal claims are subject to dismissal for failure to exhaust.

**Due Process**

15.  Plaintiff's Due Process claim nevertheless fails.  First, if Plaintiff seeks a reduction

in his sentence by challenging his loss of good time credits which could affect the duration of his

sentence, he has not shown that he has exhausted available state court remedies.  *Heck v.*

*Humphrey*, 512 U.S. 477, 490 (1994)(Holding that where success in a prisoner's § 1983 damages

action would implicitly question the validity of conviction or duration of sentence, the litigant

must first achieve favorable termination of his available state, or federal habeas, opportunities to

challenge the underlying conviction or sentence); *Edwards v. Balisok*, 520 U.S. 641, 646-48

(1997) (Applying *Heck* in the circumstances of a §1983 action claiming damages and equitable

relief for a procedural defect in a prison's administrative process, where the administrative action

taken against the plaintiff could affect credits toward release based on good time served.).

Assuming Plaintiff's Due Process challenge threatens no consequence to the duration of his

sentence, *Heck* provides no impediment to his case.  *Muhammad v. Close*, 540 U.S. 749, 751-52

(2004).  To the extent that he complains of being placed in administrative segregation with an

accompanying loss of privileges such as canteen food, radio, television, telephone, or recreation,

Plaintiff's Due Process claim fails because such privileges do not fall under Due Process

protection.  In *Sandin v. Conner*, 515 U.S. 472, 486 (1995), the Supreme Court held that

discipline in the form of segregated confinement does "not present the type of atypical,

significant deprivation in which a State might conceivably create a liberty interest."

**State Law Claims**

16.   Plaintiff asserts pendant tort claims for Intentional Infliction of Emotional Distress, Assault and Battery, and Negligence.  "[T]he pre-trial dismissal of all federal law claims, leaving only a state law claim, generally prevents a district court from reviewing the merits of the state law claim."  *McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10th Cir.2006); 28 U.S.C. § 1367(c)(3); *see also Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 n. 7 (1988) ("In the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendant jurisdiction doctrine-judicial economy, convenience, fairness, and comity-will point toward declining to exercise jurisdiction over the remaining state-law claims.").  Given that all federal claims against Defendants should be dismissed, this Court should decline to exercise jurisdiction over Plaintiff's state law claims and dismiss them without prejudice.

**RECOMMENDED DISPOSITION**

That Plaintiff's claims pursuant to 42 U.S.C. 1983 be dismissed with prejudice and his

pendant state law tort claims dismissed without prejudice.

_____
**DON J. SVET**
**UNITED STATES MAGISTRATE JUDGE**